IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEBORAH C. COLE                                                                               PLAINTIFF

vs.                                               Civil No. 5:08-cv-05138

MICHAEL J. ASTRUE                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Deborah C. Cole ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her application for DIB on September 15, 2005.  (Tr. 13, 50-54).  Plaintiff alleged she was disabled due to chronic pain in her back, arms, legs, and neck; degenerative disc disease; severe migraine headaches; memory loss; lack of sleep; anxiety; and depression.  (Tr. 120). Plaintiff alleged an onset date of December 31, 1994.  (Tr. 13, 120).  This application was initially denied on January 18, 2006 and was denied again on reconsideration on July 18, 2006.  (Tr. 36-37).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

On August 4, 2006, Plaintiff requested an administrative hearing on her application.  (Tr. 33).  This hearing was held on July 23, 2007 in Fayetteville, Arkansas.  (Tr. 447-467).  Plaintiff was present and was represented by counsel, Raymond Niblock, at this hearing.  *See id.*  Only Plaintiff testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had obtained her G.E.D.  (Tr. 450).

On December 26, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 13-19).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 1994.  (Tr. 15, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 31, 1994, her alleged onset date.  (Tr. 15, Finding 2).  The ALJ determined Plaintiff had the following severe impairments or combination of impairments as of December 31, 1994: cervical disc disease post operative, neck and leg problems, and fibromyalgia.  (Tr. 15, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 15-16, Finding 4).

In this decision, the ALJ also evaluated Plaintiff' subjective complaints and determined her RFC.  (Tr. 16-18, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not totally credible.  *See id.*  Second, the ALJ determined, based upon the review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that as of
> December 31, 1994, the date the claimant was last insured for disability insurance

>benefits, the claimant had the following residual functional capacity: to maintain employment at the level of lifting and carrying a maximum of 10 pounds occasionally and 5 pounds frequently; standing and walking for about 2 hours in an 8-hour workday; and sitting for about 6 hours in an 8-hour workday.

(Tr. 16, Finding 5).

The ALJ then evaluated Plaintiff's PRW. (Tr. 19, Finding 6). Plaintiff testified at the administrative hearing regarding this issue. (Tr. 447-467). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as an accounting clerk. (Tr. 19, Finding 6). The ALJ then determined that, considering her RFC, Plaintiff was still capable of performing this PRW as an accounting clerk as of December 31, 1994. (Tr. 19, Finding 6). After making this finding, the ALJ determined that Plaintiff had not been under a disability, as defined by the Act, at any time through December 31, 1994, the date she was last insured for DIB. (Tr. 19, Finding 7).

On January 15, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On April 17, 2008, the Appeals Council declined to review this unfavorable decision. (Tr. 4-7). On June 18, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on July 11, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 9-10). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred by improperly discrediting her subjective complaints; (2) the ALJ erred by assigning little weight to the opinion of her consulting physician; and (3) the ALJ erred in finding she retained the RFC to perform the full range of sedentary work. (Doc. No. 9, Pages 1-16). In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence. (Doc. No. 10, Pages 1-12). Specifically, Defendant argues that Plaintiff did not establish she was disabled prior to the expiration of her insured status, that the ALJ properly assessed her RFC, and that the ALJ properly evaluated her subjective complaints. Because this Court finds the ALJ erred in assessing Plaintiff's subjective complaints, this Court will only address Plaintiff's first claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely evaluated the medical records, briefly considered Plaintiff's daily

6

activities, and noted the following:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 17). This lack of analysis is entirely insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*.[3]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of August, 2009.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] However, as a practical matter, it appears Plaintiff cannot establish she is entitled to DIB under the facts presented in her application. Plaintiff's date last insured was December 31, 1994. (Tr. 13). A social security claimant applying for DIB must establish a disability *prior to* his or her date last insured. *See Pyland v. Apfel,* 149 F.3d 873, 876-77 (8th Cir. 1998). Accordingly, Plaintiff must establish her disability with evidence dated prior to or on December 31, 1994. However, in this case, Plaintiff alleges that her disability did not begin *until* December 31, 1994. Therefore, any medical records dated prior to her date last insured appear to be irrelevant in this matter since she does not even allege she was disabled during that time period. In essence, it appears Plaintiff cannot present any medical records dated prior to her date last insured but also dated after her alleged onset date, and, accordingly, it appears she cannot establish she is entitled to DIB. However, this is an issue better left to the Commissioner. On remand, the ALJ should more fully consider this issue.